# Supreme Court of Florida

No. SC22-312

**IN RE:  AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.220, FLORIDA RULE OF CIVIL PROCEDURE FOR INVOLUNTARY COMMITMENT OF SEXUALLY VIOLENT PREDATORS 4.310, AND FLORIDA RULE OF JUVENILE PROCEDURE 8.060.**

August 25, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Rule of Criminal Procedure 3.220 (Discovery), Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators 4.310 (Depositions Upon Oral Examination), and Florida Rule of Juvenile Procedure 8.060 (Discovery).[1]  The proposed amendments, which we adopt with modifications, preclude the visual recording of adult deponents unless ordered by a court or agreed to by the parties and the deponent, require the audiovisual recording of depositions of

_____

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

minors unless otherwise ordered by a court, and prohibit the

photographing of deponents during discovery depositions.

## I. BACKGROUND

Following the onset of the COVID-19 pandemic in 2020, the

Court established the Workgroup on the Continuity of Court

Operations and Proceedings During and After COVID-19

(Workgroup) "to develop findings and recommendations on the

continuation of all court operations and proceedings statewide in a

manner that protects health and safety and that addresses each

[phase] of the pandemic." *In re Workgroup on the Continuity of Court*

*Operations and Proceedings During and After COVID-19*, Fla. Admin.

Order No. AOSC20-28 (Apr. 21, 2020).[2]  During the Workgroup's

---

2.  The Workgroup was also directed to "[i]dentify whether
certain proceedings, due to efficiencies beneficial to stakeholders,
could continue to be conducted remotely when COVID-19 no longer
presents a significant risk to public health and safety," and the
Workgroup was authorized to propose the necessary rule
amendments.  *In re Workgroup on the Continuity of Court Operations
and Proceedings During and After COVID-19*, Fla. Admin. Order No.
AOSC20-28 (Apr. 21, 2020); *see also In re Workgroup on the
Continuity of Court Operations and Proceedings During and After
COVID-19*, Fla. Admin. Order No. AOSC20-110 (Nov. 23, 2020).
Based on the positive outcomes and efficiencies observed during the
pandemic, the Workgroup determined that permanent, broader
authorization for remote proceedings was warranted, and proposed
rule amendments authorizing the remote conduct of certain court

deliberations, the Florida Sheriff's Association (FSA) expressed concern that the audiovisual recording of depositions and the photographing of deponents in criminal cases could result in images or videos of certain witnesses, such as crime victims or law enforcement officers, being shared on social media or the internet for the purpose of harassment. The FSA believed the current procedure to protect a witness's identity during a deposition—i.e., moving for a protective order under Florida Rule of Criminal Procedure 3.220(*l*) (Protective Orders) on a case-by-case basis—will be inadequate in the long term as audio-video communication technology is increasingly used to conduct depositions.

The Workgroup determined that the issues raised by the FSA required in-depth consideration by subject matter experts. The

---

proceedings, which we considered in *In re Amendments to Florida Rules of Civil Procedure, Florida Rules of General Practice & Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic Court, Florida Small Claims Rules, & Florida Rules of Appellate Procedure*, 47 Fla. L. Weekly S187 (Fla. July 14, 2022). The Steering Committee on Families and Children in the Court likewise proposed rule amendments authorizing the remote conduct of certain delinquency, dependency, and family law proceedings, which we considered in *In re Amendments to Florida Rules of Juvenile Procedure, Florida Family Law Rules of Procedure, & Florida Supreme Court Approved Family Law Forms*, 47 Fla. L. Weekly S188 (Fla. July 14, 2022).

Chief Justice thus tasked the Criminal Court Steering Committee (Steering Committee) with reviewing the issues identified by the FSA, and with determining whether any rule amendments were needed.

The Steering Committee, after conducting a thorough review and obtaining input from interested parties, found that there is no compelling need to audiovisually record the deposition of an adult deponent in criminal and juvenile cases, as discovery depositions in such cases are generally not introduced as substantive evidence and are mainly used for impeachment purposes only. It also found that the audiovisual recording of depositions raises security and public records concerns for law enforcement deponents, and that similar concerns exist for adult deponents as well, as an audiovisually recorded deposition may be shared via social media or the internet to embarrass or pressure a deponent. But as to minors, the Steering Committee found that there is still a need to audiovisually record depositions, as minors are particularly vulnerable to harassment or intimidation, and the audiovisual recording of depositions enables the court to control such tactics. *See* Fla. R. Crim. P. 3.220 Comm. Note.

Based on these findings, the Steering Committee proposes amending rules 3.220, 4.310, and 8.060. The proposed amendments were not published for comment by either the Steering Committee or the Court. But in response to a motion from the Criminal Procedure Rules Committee, the Court issued an order authorizing all interested parties to file comments on the Steering Committee's proposals. Three comments were received, and the Steering Committee filed a response to the comments.

Having considered the proposed amendments, the comments, and the Steering Committee's response, the Court adopts, with modifications, the amendments proposed by the Steering Committee. The more significant amendments are discussed below, along with the changes to the Steering Committee's proposals.

## II.  AMENDMENTS

Rules 3.220(h)(1), 4.310(b)(2), and 8.060(d)(2)(C) are amended to make clear that courts possess broad authority to oversee the taking of depositions and that they may enter orders necessary to protect deponents, secure the rights of the parties, and ensure compliance with statutes.

Rule 4.310(a) (When Depositions May be Taken) is amended to clarify that unless the rule provides otherwise, the procedure for taking a deposition under the rule is the same as that provided in the Florida Rules of Civil Procedure.

Rule 3.220(h)(4) is retitled "Visual Recording and Photographs," and it, along with rule 4.310(b)(3), is amended to: (1) preclude the visual recording of adult deponents unless ordered by a court or agreed to by the parties and the deponent; (2) require the audiovisual recording of depositions of minors unless otherwise ordered by a court; and (3) prohibit the photographing of deponents during discovery depositions. We, however, decline to adopt the Steering Committee's proposal to amend both rules to require the stenographic recording of all audiovisually recorded depositions. Such a requirement is unnecessary, and is inconsistent with the stenographic recording requirements for audiovisually recorded depositions in Florida Rule of Civil Procedure 1.310(b)(4)(B) (Stenographer), which depositions taken under both rules must now comply with. *See* Fla. R. Crim. P. 3.220(h)(1).

We also decline to adopt the Steering Committee's proposal to amend rule 8.060(d)(9) (Videotaped Depositions), and instead

- 6 -

amend the rule to increase to 18 the age under which the depositions of children must be audiovisually recorded on the demand of any party unless otherwise ordered by the court.

Rule 8.060(d)(1)(B) is amended to clarify that the location requirements for taking a deposition do not apply to depositions taken by communication technology. But we decline to likewise amend rule 3.220(h)(3) (Location of Deposition), as the amendments proposed by the Steering Committee have already been adopted by the Court. *See In re Amends. to Fla. Rules of Civil Proc., Fla. Rules of Gen. Pract. & Jud. Admin., Fla. Rules of Crim. Proc., Fla. Prob. Rules, Fla. Rules of Traffic Crt., Fla. Small Claims Rules, & Fla. Rules of App. Proc.*, 47 Fla. L. Weekly S187 (Fla. July 14, 2022).

Lastly, we decline to adopt the Steering Committee's proposal to amend rules 3.220(h)(7) (Defendant's Physical Presence) and 8.060(d)(6) (Physical Presence of Child) to allow a court to consider "any reasonable alternative" in deciding whether to allow a defendant or child to be physically present at a deposition. It is not entirely clear what "reasonable alternative[s]" there are to a party's physical presence at a deposition other than his or her appearance via communication technology, and neither rule precludes a court

from considering whatever alternatives there might be, as both rules state only that a "court may consider" the listed criteria in assessing whether to allow a defendant or child to be physically present at a deposition.

### III. CONCLUSION

Accordingly, the Florida Rules of Criminal Procedure, the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, and the Florida Rules of Juvenile Procedure are amended as set forth in the appendix to this opinion, with new language underscored and deletions in struck-through type. The amendments become effective October 1, 2022, at 12:02 a.m.

We thank the Steering Committee for its hard work and attention to this matter. We also appreciate the insight provided by the commenters.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure, Florida Rules of Civil Procedure, and Florida Rules of Juvenile Procedure

Honorable Debra J. Riva, Chair, Criminal Court Steering Committee, Bradenton, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, Candice Kaye Brower, Past Chair, Juvenile Court Rules Committee, Gainesville, Florida, Cynthia Cohen, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, Alan S. Apte, Past Chair, Criminal Procedure Rules Committee, Orlando, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida; Jason Cromey of Cromey Law, P.A., on behalf of the Florida Association of Criminal Defense Lawyers, Pensacola, Florida; and Robert Wayne Evans of Allen, Norton & Blue, on behalf of the Florida Sheriffs Association, Tallahassee, Florida,

    Responding with comments

## RULE 3.220.    DISCOVERY

**(a)-(g)** [No Change]

**(h)    Discovery Depositions.**

(1)    *Generally*. At any time after the filing of the charging document, any party may take the deposition upon oral examination of any person authorized by this rule. A party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. ~~After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the location of the deposition. Except as provided herein,~~<u>Unless a provision of this rule conflicts with the Florida Rules of Civil Procedure,</u> the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure and section 48.031, Florida Statutes. <u>To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 3.220(e) and (*l*), upon motion of a party, the deponent, or on its own motion, for good cause shown.</u> Any deposition taken pursuant to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, upon application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly

served subpoena may be adjudged in contempt of the court from which the subpoena issued.

(A)-(D) [No Change]

(2)-(3) [No Change]

(4)    *Depositions of Sensitive Witnesses*_Visual Recording and Photographs_. ~~Depositions of children under the age of 18 shall be videotaped unless otherwise ordered by the court. The court may order the videotaping of a deposition or the taking of a deposition of a witness with fragile emotional strength, or an intellectual disability as defined in section 393.063, Florida Statutes, to be in the presence of the trial judge or a special magistrate.~~For deponents 18 years of age or older, a discovery deposition must not be visually recorded unless ordered by the court for good cause shown or upon the consent of the parties and the deponent. For deponents less than 18 years of age, a discovery deposition must be audio-visually recorded unless otherwise ordered by the court. No deponent may be photographed during a discovery deposition.

(5)-(8) [No Change]

**(i)-(o)** [No Change]

**Committee Notes**
[No Change]

**Court Commentary**
[No Change]

**RULE 4.310.    DEPOSITIONS UPON ORAL EXAMINATION**

**(a)    When Depositions May Be Taken.**  Any party may take the testimony of any person, including the respondent, by deposition upon oral examination after the action is commenced. The attendance of witnesses may be compelled by subpoena as provided in Fla. R. Civ. P. 1.410. Unless a provision of this rule

- 11 -

conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition shall be the same as that provided in the Florida Rules of Civil Procedure. The deposition of a person in custody, except the respondent, may be taken only by leave of court on such terms as the court prescribes.

**(b)** **Notice;** ~~**Method of Taking; Production**~~**Court Orders; Visual Recording and Photographs at Depositions; Telephonic Depositions.**

(1)     A party desiring to take the deposition of any person upon oral examination ~~shall~~must give reasonable notice in writing to every party to the action. The notice ~~shall~~must state the time and place for taking the deposition and the name and address of each person to be examined. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena ~~shall~~must be attached to or included in the notice.

(2)     ~~For cause shown, the court may enlarge or shorten the time for taking the deposition.~~To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 4.280(c) and rule 4.310(d), upon motion of a party, the deponent, or on its own motion, for good cause shown.

(3)     ~~Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.~~For deponents 18 years of age or older, a discovery deposition must not be visually recorded unless ordered by the court for good cause shown or upon the consent of the parties and the deponent. For deponents less than 18 years of age, a discovery deposition must be audio-visually recorded unless otherwise ordered by the court. No deponent may be photographed during a discovery deposition.

(4)     On motion, the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also

arrange for a stenographic transcription at that party's own initial expense.

~~(A)   Notice.  A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.~~

~~(B)   Stenographer.  Videotaped depositions shall also be recorded stenographically, unless all parties agree otherwise.~~

~~(C)   Procedure.  At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.~~

~~(D)   Custody of Tape and Copies.  The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the videotape, shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the party requesting the copy.~~

~~(E)   Cost of Videotaped Depositions.  The party requesting the videotaping shall bear the initial cost of videotaping.~~

**(c)-(g)** [No Change]


**RULE 8.060.   DISCOVERY**

**(a)-(c)** [No Change]

**(d)   Depositions.**

(1)   *Time and Location.*

(A) [No Change]

- 13 -

(B)    Unless the deposition will be taken by communication technology, Ddepositions of witnesses residing:

(i)    in the county in which the adjudicatory hearing is to take place shallmust be taken in the building in which the adjudicatory hearing is towill be held, another location agreed on by the parties, or a location designated by the court. Depositions of witnesses residing; or

(ii)    outside the county in which the adjudicatory hearing is to take place, shallmust take place in a court reporter's office in the county and state in which the witness resides, another location agreed to by the parties, or a location designated by the court.

(2)    *Procedure.*

(A)-(B) [No Change]

(C)    After notice to the parties the court, for good cause shown, may change the time or location of the deposition.To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 8.060(c), (j), (k), and (*l*), upon motion of a party, the deponent, or on its own motion, for good cause shown.

(D) [No Change]

(E)    Except as otherwise provided by this ruleUnless a provision of this rule conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena (except for a subpoena duces tecum) for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure.

(F)-(I) [No Change]

- 14 -

(3)-(8) [No Change]

(9)     *Videotaped Depositions.* Depositions of children under the age of ~~16~~18 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special magistrate.

**(e)-(m)** [No Change]

**Court Commentary**
[No Change]